Good morning ladies and gentlemen. Welcome to the Ninth Circuit. We're pleased that you're here. We have a number of matters for argument today. The first one, however, is submitted. That is United States v. Schmitt, which is officially submitted at this time. The first case for argument is United States v. Swenson. So, counsel, if you'll proceed. Thank you, Your Honor. May it please the allowing us to be here and esteemed counsel, Mr. Humphreys. I want to make three points, cover three points, and then sit down and reserve the rest of my time. The first point I want to make is under 18 USC 3613. That's the Mandatory Victims Restitution Act. It applies only to the quote, person fined, period, close quote. Now, we agree that it avoids the criminals, Doug Swenson's, in this case, Social Security rights and benefits. Completely avoids those. But my client, the 70-year-old Mrs. Swenson, was not a defendant, was not charged, wasn't even a witness in the week-long criminal trial. She was not a person fined under the So, we're really talking about whether it's community property or not. Right. The best it can do, the best the MVRA can do, is reach her community assets, her interest in community assets. Counsel, before you get to the community property question, I want you to address the jurisdictional issue. You know, the government's taken the position that because this is not a final order, that this is not appealable. There obviously is authority to the contrary in our circuit, but in the Seventh Circuit, in the Colensis case, they held that where the court had not issued a disposition order, that the order was not final and therefore there was no jurisdiction. Would you address that, please? I'm not familiar. You know, the federal courts typically defer to the state courts execution and garnishment statutes, and I do a lot of that work. Well, you used to, but not with the new statute. Okay. That's the issue. I'm not familiar with what the court is calling a disposition order. Well, you are familiar, I expect, with 28 U.S.C. 3205 C-7. That's the disposition order that's authorized or required, if you will, by the by the code. It's a disposition order that is required in every garnishment. Are you, I expect, you're familiar with that. My guess is that didn't happen in this case. I'm not familiar with some subsequent order beyond the order Judge Windmill issued. So you're, so, well, I don't think it happened in this case. I don't think it did either. And it's, I can't believe that it's really ministerial, is it? It is. Well, just a minute. Must not the court determine what percentage of the accounts will be garnished and who the money is going to? Isn't it a fairly substantive step to take in 3205 C? That's in the judge's order. He says the entire account, there was $40,000 in this account, and the government gets it. Well, but if in fact there is no disposition order, doesn't the government get nothing? I mean, without the order, there's merely a filing of a writ. It merely freezes the account. Well, let's play it out. So court reverses no jurisdiction. We go back down. They submit the order. Judge signs it. And here we are again a year and a half later. It's, the, there's no way for Mrs. Swenson to block the order. The substance of the case has been decided. There's nothing pending down there. Well, I guess my worry is, and I'm thinking my colleague is worried as well. That's why I asked the question. We don't have jurisdiction. And with 28 U.S.C. 3205 C7, I'm really worried that we're stuck. I mean, we might say to you, Mr. Manwaring, we'd love to deal with this case. We'd love to say what it is. But given the fact that we don't have any jurisdiction, how can we go forward? Well, all I can respond is the way we did in the brief. There is nothing pending in the lower court. It's all done. Well, perhaps we can look at a different way. Where's the money now? Does the government have the money? Is it still in the garnishee's hands? Where is it? I have no idea what what the government did, whether they took the money or left it there or whatever they're doing. Well, there isn't any money in the government's hands because there's no order suggesting it. All we have is the, if you will, the injections have been filed and they were ruled not valid. Well, and there we are. If the court feels that that is totally required, I'll stipulate without waiving the rights. I'll stipulate to have that order entered. It's just ministerial. There's no way to block it based upon the substance of Judge Windmill's opinion. It's just suggesting that the account could be totally That's the government's position. They garnish that entire account. I'm trying to be fair with you, Mr. Manwaring. I want to be really straight here. Judge Windmill's order says, and that's what I read and that's the thing that I'm of some worried about, Judge Windmill's order says that Judge Windmill can't determine based on what's here. He says the evidence presented does not show that this fund is only from Social Security proceeds. Sure it does. There's an, well, that's what the district court's order says. I'm only reading it. Why fail to establish separateness with reasonable certainty and particularity? The money came from a separate property source. Well, I want the court to read Mrs Swenson's affidavit, which is the only affidavit filed in the record, and she says this account consisted only of Social Security benefits that came to me and put in the account. No other money was commingled with it, and that was the only source of any money in the account. I don't know why Judge Windmill said that, but in his record and in the record on appeal, that's the unrebutted factual affidavit, and I don't think the government has ever argued that this money wasn't properly traced. Okay, what's the difference between the objections that your client filed and the motion to dismiss the writ of garnishment made in Mays? I'm sorry, I'm not familiar with that. Well, Mays is your only precedent for doing what you want to do, and in Mays there was a motion to dismiss the writ of garnishment, and that was ruled on. I'm trying to figure out if there is a difference between the objections you filed here, pursuant to 2835, 3205C, and the motion to dismiss for writ of garnishment, which was made in Mays, because that's the only precedent you got, so I'm trying to help you. This is a tough question. In effect, my motion or my objection was a claim of exemption and a request that the garnishment be done away with or disregarded or quashed. I mean, that's the substance of what we filed. Well, let's take it slightly different way. As my colleagues pointed out, in Mays, our court said that where there was, in quotes, no other matters before the district court relating to, in this case, Mays' criminal case, that in effect was equivalent to a disposition order. We treated it as final and went forward. Is there anything else pending in this case, other than this appeal, that remains to be done from your understanding? Nothing. There's nothing going on in that case. So we rely on Mays for the jurisdictional issue, then. As represented by your Honor, yes. Well, we like to do a good job. Okay. I think that's it. Do you know whether there was ever a disposition order entered in Mays? I don't know. I don't know. Is there another writ of garnishment as to one of Mr. Swenson's accounts that also does not have an order? It came in at the same time, and Mr. Swenson's lawyers just said, fine, there's no point in arguing it. But there's no order in that, as to that account, either? Not that I'm aware of, but I think that money's gone, too. You want to save any of your time? You're down a few seconds here. Let me ask you one more question, which I think is pretty important. Here we are, we're trying to decide whether these are Idaho security benefits or community property under Idaho law. Now, when I read Sherry, it seems to me that that deals more with supremacy clause and the preemption clause than with what Idaho state law means. In other words, I can't really read Sherry and see whether they're really saying that this is a to my colleagues on the Idaho State Supreme Court to make that determination. Well, I think Sherry covers the issue. It says that Sherry doesn't say that this is a community property. Sherry says there's a supremacy or a preemption on what Idaho state law means, but it never says unless you can read me the clause, because I read it very carefully, that this is not community property. It just says, as it relates to Social Security, there's a preemption, and so, therefore, it should not be divided. But that doesn't say that it's not community property. I think your honor has to go to the inception of community property under Idaho law, and that is 32 906. What it says is that anything obtained during the marriage, and I'm paraphrasing, is presumed to be community property unless the conveyance by which it is acquired declares it to be separate. For example, you receive a deed in inheritance. It typically says as a sole and separate property. That's the conveyance. In this, the Social Security Act 42 USC 407 does two things. It says these benefits are non transferable. The entity giving the transfer says these are non transferable and non assignable, and they're exempt from garnishment. But the FTCPA's language specifically accepts out what is it? Section 207 that you're relying upon, right? Or the person fined. Right. No, I agree. That's your point. But Mrs. Swenson was not a person fined, so she gets to maintain her Social Security benefits if they're separate property. If they're separate property. And under Idaho law, the statute says if the means by which they were acquired deems them separate, and that's what the Social Security Act does. So Mr. Swenson's rights under the Social Security Act are evisciated. They're gone, but not hers. Will you help me with this? My colleague has read to you from Judge Windmill's order suggesting, as I understand it, that some of this property was mixed. There's clearly some community property there. I thought that the parties had effectively stipulated that the entire amount of the money in this account was from her separate property, or rather her Social Security, which is correct. What is correct is what is in the record, and she has the only affidavit in the record, and she says, you have to read it, this account included only my personal Social Security benefits and nothing else went into the account. Well, I understand that, but I guess my real worry is I read your affidavit. I know what it says, but I also read the District Court's order, which I have to look at, and it says the wife failed to establish separateness with reasonable certainty and particularity, that the money came from a separate property source, and all I did was read that, and I say to myself, given that you've got to have a disposition order, it seems to me that the District Court should have had a chance to make that disposition order and determine what to do here. I think maybe, Your Honor, I would just remind the Court, this review is de novo, so you're allowed to look at . . . What do you mean it's de novo? Meaning that . . . I know what de novo means, but I'm having a tough time understanding how you're arguing on de novo when I don't have a disposition order and I'm reading what the District Court says. Judge Windmill, he said what he said, but it had no basis in the record to say that something else was in that account. It just is not in the evidence, and I'll ask Mr. Humphreys to point it out. If there's some evidence, I don't think Mr. Humphreys takes that position. I don't think the government takes that position. The only thing in that account was Social Security benefits, and that's per the one affidavit in the record. Other questions by my colleagues? All right. Thank you very much. So let's hear from the government. Before you get into your presentation very far, will you let us know, does the government have the money that was in the account, or does it still remain with the garnishee? May I? Sure, please. I'm sorry, Your Honor. We want you to have an uplifting argument. To your question, no disposition order has been entered. The government does not have any funds. It's still with the bank, as far as I know, based on the writ of garnishment, which orders the bank just to hold the money until further order of the court, based on the order, the writ of garnishment, and based on the statute. So from the government's perspective, since the money is still there, there is no disposition order, then arguably this is not an appealable matter at this point, because the statute suggests they need a disposition order. Is that correct? That is correct, Your Honor. So you didn't ask for the order? I haven't asked for the order. Why not? Because of the appeal. I feel like the district court's lost jurisdiction. It's with this court now on the appeal. So no motion has been filed for a disposition order. In addition to the Seventh Circuit case that Judge Miland-Smith mentioned, I noticed there are other circuit cases out there that support your position. However, we do have this decision in May. So how do you address that? I find the decision in May is hard to reconcile with the other decisions in the Ninth Circuit, namely the decision of Moore and Stacconi, and then citing the Lieber v. Schroeder case. So the only way I can distinguish it, the Mays from those cases, which those cases hold that a writ, a motion to quash a writ, an order denying a motion to quash a writ, is not a final order that can be appealable. And the only way I can figure out from Mays is that there must have been nothing left in the entire case, because Mays even cites that an interlocutory order is one where there hasn't been a final decision on the whole case. And you think there's still something going on, so Mays wouldn't apply anyway from your perspective. Yes, that's correct, Your Honor. So if the district court had issued the order that we're talking about as to this account holding Mrs. Swenson's Social Security, if the district court had entered that order, would this be appealable? I'm going to go through. So it would have entered the order, and then based on 28 U.S.C. 3205 C-10, when a garnishment is terminated under, I think, B, the second one, it's that the garnishee no longer holds property. So at that point, the garnishment would have been terminated. And so presumably, Mrs. Swenson, to that account, there would have been nothing else going on. But that's the hard part about these post-judgment collection actions, is we have $180 million restitution order, and the party involved here is the wife in a community property state of the defendant. I mean, isn't this garnishment proceeding going to go on for some time? I mean, can't you, you're essentially, anytime you find that there's assets, you can then go and try to garnish those. But that may be decades. That's correct, and we have a long time to collect. But so it would be hard to see that Mrs. Swenson would have to wait decades to appeal this, right? And that's the purpose of Rule 54B, Federal Rules of Civil Procedure 54B, is to give the district court the ability to decide, well, at this point, there's no just reason for delay, and I'm going to decide that this is appealable. And that's the point, is to give the district court, which is handling all of these post-judgment collection matters, the opportunity to say, this order can be appealable and handle the district court's docket. One thing that the court could do, if the court is so inclined, is to perhaps leave this case in abeyance, allow Mrs. Swenson to ask the district court for a rule under 54B, and if that is granted by the district court, then it could come back with the same panel, with briefing already done. But during this whole period, Mrs. Swenson has never filed a motion under 54B to allow the district court to do this. If the district court enters this C7 order, the disposition order, is it your position that the debtor would then always need the 54B coming out of a garnishment, or would there be some circumstances where the debtor would not need to get that? When I read 54B, I think the debtor needs to ask the court, the district court, for a Rule 54B certification, because it says that the district court has determined all rights and liabilities of all the parties. And that's the uniqueness behind post-judgment collection, is there are other assets out there, presumably, and she'll have a community property interest, they will have a community property interest in there, and there's other rights and liabilities to be determined. Unlike before a judgment, the court is deciding whether someone's liable, and perhaps the damages, and when the court enters that order, then you have a final order, who's liable and the damages. But then when you have post-collection procedures, there's property out there, and Mrs. Swenson presumably has interest in these properties. What's the government's position regarding Moore? Moore was decided before the FDCPA's passage. And as you know, in Moore, you still relied upon the garnishment procedures under state law, whereas thereafter, you used the FDCPA's own rules. So what does that do to Moore, if anything? I don't believe it does anything. And actually, when I was looking at the cases cited by counsel for Mrs. Swenson, one of the cases cited was the United States v. Parker, which is in the Fifth Circuit. That's a 2019 case. And the interesting part there is that dealt with a writ of execution under the FDCPA. And I think that's one of the cases that made a distinction of the new law, the FDCPA, compared to older case law under state statutes. But the interesting part there, and what's important, is that's a writ of execution. Under 28 U.S.C. 3203, once the district court enters a writ of execution, there really needs to be no further order. The writ of execution is the order for the marshals to go take property and sell it and apply it to the debt. There's nothing further. But a writ of garnishment is different. The writ merely freezes the account and then requires more by the district court. And that's why the disposition order is essential, from your perspective. That's correct. And then I do point out... Is there really... Well, I'll let you answer that question. Did you... I was just going to say, what's the difference between the objections Mrs. Swenson filed and a motion to dismiss writ of garnishment, which was made in Mays? I think that they're probably treated the same. One's called different than the other. But in Mays, it indicates that there was nothing left before the district court in the case. And trying to reconcile the cases... Do you know if there was a disposition order ever entered in Mays? I do not know that. But in Mays, at least, the debtor was the defendant, right? The debtor who is not the defendant in the criminal case. That's correct. Does that distinction matter? It may in some instances. But here, I think the complexity lies in a community property state, and it's the spouse. So they were married in 1971. Any property acquired during the marriage is presumed community property. So therefore, although she's not the defendant, presumably almost everything acquired is... She'll have some sort of interest in. So she's almost treated, when it comes to post-collection matters, as the defendant in some sense. Yeah, I mean more from the perspective of the final judgment issue. Because when you have the defendant who is the debtor, it may well be that the finality issue is different. Whereas here, you have the debtor is essentially a third party to the criminal case. And that is a distinction compared to Mays. That is. And I come back to Rule 54B. There is a mechanism to appeal. And it's important. The drafters of the rules thought it was important to allow the district courts to have control over their docket, to know whether something might come up in the future. And that's why I point to 28 U.S.C. 3013 under the FDCPA, where it states that a district court, upon someone's motion or a sua sponte, could modify, limit an enforcement action. And so when you combine 3013 under the FDCPA with Rule 54B, it gives the district court the opportunity to say there's no just reason for delay. And in this case, perhaps that's what Judge Windmill will do. I'm not saying he won't. But the rule gives him the opportunity to decide that. Let me move to the second issue, if I might. The district court said the wife failed to establish separateness with reasonable certainty and particularity that the money came from a separate property source. Does this say that the evidence presented doesn't show the fund is only from Social Security proceeds? I do not believe that's what it says. We have never taken the position that the funds are not, which is consistent with what Mr. Manwery is saying. At least, as to these, the government doesn't take the position that these funds are anything but Social Security proceeds. That's correct. That the only reason Judge Windmill would have said this was he was only dealing with whether this is community property or not. That's correct. And he may have felt that that issue under Sherry was not clear because of the supremacy issue. But the government takes the position, as you just clarified, that you're not saying that the funds came from anywhere other than what Mrs. Swenson put in her affidavit, right? Yes, with the clarifying that in her affidavit she calls it separate property. That's the issue we have. But other than that, yes, it comes from Social Security. You acknowledge, for purposes of this case, that the money in that account came entirely from the Social Security Administration to her. It was not property, per se, of her husband, who is the defendant in this case, or ex-husband, I guess. Yes, it was paid to her from the Social Security Administration. Okay, so if, in fact, we're looking at Sherry, when I saw Sherry, I looked and I saw that it really dealt with a supremacy clause and a preemption clause and said, with those supremacy and preemption principles involved, we're going to suggest that this property not be separate property, not be divided up in the divorce. Should I send this to the Idaho Supreme Court to see if they believe the same thing should happen in this particular case because we have these extra ideas from the MVR fund? I don't believe so because the issue really comes down to federal law. In Sherry, it's federal law versus state law in a state court, and the state court decides through the supremacy clause that its community property laws, in some sense, were suspended for a moment and couldn't be applied. But here we have a distinction between the Social Security Act or a conflict between the Social Security Act and the MVR way, which are two federal laws, and I believe that the Ninth Circuit is the court to decide that rather than the Idaho Supreme Court. But the difficulty here is that under Idaho law, this is not community property. And it's only until you get to the MVRA that I think you would say, well, there's now a question. And so it seems that you're trying to use the MVRA to create a state law property right that the defendant, Mr. Swenson, would not otherwise have. I don't believe so because the Idaho law is that anything acquired during marriage is community property unless someone shows otherwise. Well, but they said Social Security is out. That's right. But I'll turn the court to Inri Partita from this circuit talking about that was the distinct with the automatic stay under the bankruptcy code and the MVRA. The garnishment in that case or the writ of garnishment in that case happened after the bankruptcy was filed, after the federal statute applied, which would be similar to what you're suggesting here with the Social Security Act. But the court still found that the MVRA trumps that provision of the bankruptcy code, even though the enforcement action happened after the federal law was already applied. And so here, it's similar. The Social Security Act is specifically accepted from the MVRA or from collection actions through the MVRA. So I don't believe that there's a problem with the state law. The state law is that it's presumed community property. With the Social Security Act being swept aside, there's no conflict anymore with federal law. From the government's perspective, assume arguendo that we take jurisdiction. I'm not saying we will or won't. Just say we would. What would the government want this court to do with respect to the issue of whether or not Mrs. Swenson's account is separate or community property? To find that the MVRA sweeps aside the Social Security Act. Therefore, under Idaho law, it's presumed community property because there's no conflict between Idaho law and federal law. I would say that the supremacy law, if you will, that Sherry applied does not apply here. That's correct. Okay. Other questions my colleagues have? No. All right. Thank you very much. Thank you. Now, we've used up all your time, but we'll give you a minute. Not you, but if you want it, you don't have to take it. But if you want a minute, we'll give it to you. I'll just make one point. The state law on community property does defer to the Social Security Act, and the Social Security Act says it's non-transferable and it's non-assignable. That makes it separate property. Except that Section 207 is accepted out by the act that covers this, right? For the person fined. She was not fined. But the problem is you're running circular. You say for the person fined. The problem is we're really looking at whether this person fined has these Social Security benefits as community property. And therefore, I'm trying to figure out how it is we get out of that circle if all you're saying is the MVRA doesn't apply because she wasn't the person fined. On the other hand, the MVRA applies every time to Social Security, and the only reason that our Idaho Supreme Court said that it's not community property is because of the Social Security Act. The MVRA avoids his Social Security rights, but not hers. And so she gets to maintain those. But it doesn't say in there it can only avoid his Social Security rights and not hers. It says it avoids all Social Security rights, and now we're trying to determine whether those Social Security rights are community property. But the last part says for the person fined. Now, what they want to say, what they're trying to say, for the person fined and the spouse of the person fined. That's the way you would get to the way the government wants it. It can only avoid it for him, not for her. Okay, I think we have your contention. Thank you. Other questions by my colleagues? I think not. I think we're all set. Thank you very much. The case just argued is submitted.
judges: M. Smith, Jr., N.R. Smith, Bress